**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PAIGE F. CRESPO,** | **CIVIL ACTION NO.** |
| **Plaintiff,** | **2:20-CV-00791-ILRL-KWR** |
| **V.** | **JUDGE IVAN L.R. LEMELLE** |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |
| **Defendant.** | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

NOW INTO COURT, comes Defendant, Liberty Life Assurance Company of Boston ("Liberty Life")[1] n/k/a Lincoln Life Assurance Company of Boston, and through its undersigned counsel, hereby files its Answer to Plaintiff's Complaint (the "Complaint") filed by Paige F. Crespo ("Plaintiff"), and states as follows:

1.      Liberty Life admits that, by this action, Plaintiff seeks to recover benefits from Liberty Life under ERISA, but Liberty Life denies that Plaintiff is entitled to any such relief. Liberty Life denies all remaining allegations contained in Paragraph 1 of the Complaint.

2.      Liberty Life admits that this Court has jurisdiction over this matter. Liberty Life specifically denies that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Liberty Life. Liberty Life denies all remaining allegations contained in Paragraph 2 of the Complaint.

---

[1]     Liberty Life Assurance Company of Boston is now known as Lincoln Life Assurance Company of Boston, which is the correct name of the Defendant in this action.

3.     Liberty Life admits that Plaintiff is over eighteen years of age.  Liberty Life admits that Plaintiff was, at certain times, employed by Ochsner Clinic Foundation ("Ochsner") and a participant in the long-term disability plan ("LTD Plan") sponsored by Ochsner.  Liberty Life further admits that benefits from the LTD Plan were, at certain times, insured, at least in part, by Group Disability Income Policy Number GF3-880-461332-01 (the "Policy") issued by Liberty Life to Ochsner.  Liberty Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies all remaining allegations contained in Paragraph 3 of the Complaint.

4.     Liberty Life admits it is a New Hampshire Corporation with its principal place of business in Radnor, Pennsylvania, and that it is lawfully authorized to do business in Louisiana. Liberty Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

5.     Liberty Life admits that Plaintiff was, at certain times, employed by Ochsner and a participant in the LTD Plan.  Liberty Life further admits that benefits from the LTD Plan were, at certain times, insured, at least in part, by the Policy issued by Liberty to Ochsner.  Liberty Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

6.     To the extent that the allegations contained in Paragraph 6 of the Complaint contain legal conclusions, Liberty Life is not required to respond.  To the extent a response is required, Liberty Life denies Plaintiff is entitled to any remedy or relief against Liberty Life whatsoever.

7.     Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for LTD benefits from the LTD Plan under the Policy, but Liberty Life refers to the Policy and plan documents themselves as the best evidence of the contents.  To the extent that the allegations contained in Paragraph 7 of the Complaint seek to interpret the provisions of the Policy, Liberty Life refers to the Policy itself as

the best evidence of its contents.   Liberty Life admits that Plaintiff made a claim for and is receiving benefits from the LTD Plan under the Policy.   Liberty Life denies all remaining allegations contained in paragraph 7 of the Complaint.

8.      Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for LTD benefits from the LTD Plan under the Policy, but Liberty Life refers to the Policy itself as the best evidence of its contents.  To the extent that the allegations contained in Paragraph 8 of the Complaint seek to interpret the provisions of the Policy, Liberty Life refers to the Policy itself as the best evidence of its contents.  Liberty Life denies all remaining allegations contained in paragraph 8 of the Complaint.

9.      Liberty Life admits that it received an appeal of the determination of the monthly benefit amount payable for Plaintiff's claim for benefits from the LTD Plan.  Liberty Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10.      Liberty Life denies the allegations contained in Paragraph 10 of the Complaint.

11.      Liberty Life admits that it received an appeal of the determination of the monthly benefit amount payable for Plaintiff's claim for benefits from the LTD Plan.  Liberty Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12.      Liberty Life admits it sent a letter to Plaintiff dated September 20, 2018, but Liberty Life refers to the letter itself as the best evidence of its contents.  Liberty Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13.      Liberty Life denies the allegations contained in Paragraph 13 of the Complaint.

14.      Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan

under 29 U.S.C. § 1132(a)(1)(B).  Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process.  Liberty Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

15.     Liberty Life denies the allegations contained in Paragraph 15 of the Complaint.

16.     Liberty Life denies the allegations contained in Paragraph 16 of the Complaint.

17.     Liberty Life denies the allegations contained in Paragraph 17 of the Complaint.

18.     Liberty Life denies the allegations contained in Paragraph 18 of the Complaint.

19.     Liberty Life denies the allegations contained in Paragraph 19 of the Complaint.

20.     Liberty Life denies the allegations contained in Paragraph 20 of the Complaint.

21.     Liberty Life denies the allegations contained in Paragraph 21 of the Complaint.

22.     Liberty Life denies the allegations contained in Paragraph 22 of the Complaint.

No response is required to the "WHEREFORE" Paragraph thereafter, as said Paragraph makes no factual allegations but only states the relief sought by Plaintiff.  To the extent a response is required, Liberty Life denies Plaintiff is entitled to any remedy or relief against Liberty Life whatsoever.

Liberty Life denies each and every allegation not expressly admitted herein and specifically denies that Plaintiff is entitled to recovery on any claims in the Complaint.

**AFFIRMATIVE DEFENSES**

In addition to the foregoing admissions and denials, Liberty Life assert the following affirmative defenses:

4

## FIRST DEFENSE

To the extent the Complaint seeks extra-contractual or "make whole" damages in addition to the benefits allegedly due and attorneys' fees and costs as provided by ERISA, no such relief is available to Plaintiff as a matter of law.

## SECOND DEFENSE

The Policy and plan document(s) at issue vested Liberty Life with the sole discretion to make benefit and eligibility determinations under the LTD Plan, and thus, the decision with regard to Plaintiff must be reviewed under the deferential arbitrary and capricious standard of review and Liberty Life's determination relative to Plaintiff's claim was not an abuse of discretion and was not arbitrary, capricious, or unreasonable.

## THIRD DEFENSE

Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or failure to fulfill conditions precedent under the terms of the applicable plans because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with the provisions of the documents governing the LTD Plan.

## FOURTH DEFENSE

Plaintiff's recovery of benefits, if any, from Liberty Life is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

## FIFTH DEFENSE

Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

## SIXTH DEFENSE

Based on the appropriateness of the denial and the lack of any improper conduct by Liberty Life, Liberty Life requests that the Court order its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA.

## SEVENTH DEFENSE

This action is brought under the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  Liberty Life denies any implication that it violated Plaintiff's rights under ERISA or any other statute, law, regulation, or common law, or that Plaintiff is entitled to any benefits other than what Plaintiff already may have received.  Plaintiff's claims are barred because any purported or actual actions taken regarding Plaintiff were based according to the clear language of the governing ERISA plan documents.

## EIGHTH DEFENSE

To the extent Plaintiff alleges or seeks to allege state law claims, they are preempted by ERISA.

## NINTH DEFENSE

Plaintiff's remedies, if any, are limited to the exclusive remedies available under the civil enforcement provisions of ERISA.

6

## TENTH DEFENSE

At all times material to the Complaint, Liberty Life acted in good faith and in compliance with the terms and conditions of the LTD Plan and discharged its duties with respect to the LTD Plan in the interest of the participants and beneficiaries.

## ELEVENTH DEFENSE

A claimant's entitlement to future ERISA benefits under the terms of the LTD Plan is subject to an ongoing requirement for continued proof of disability throughout the period of disability.  Accordingly, Plaintiff cannot obtain a determination from this Court that she is entitled to indefinite future benefits.  Plaintiff must continue to satisfy the terms of the LTD Plan.

## TWELVTH DEFENSE

Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

## THIRTEENTH DEFENSE

Liberty Life specifically reserves its rights under Rules 13, 14, and 15 of the Federal Rules of Civil Procedure, including the right to amend this Answer to the extent necessary, and to file any counterclaim or crossclaim as facts are investigated and developed.

WHEREFORE, having fully answered the Complaint, Liberty Life prays that this Court:

(1)     Enters Judgment in its favor and dismiss Plaintiff's Complaint in its entirety, with prejudice;

(2)     Denies each and every demand and prayer for relief contained in Plaintiff's Complaint;

(3)     Awards Liberty Life its reasonable attorneys' fee and costs pursuant to 29 U.S.C. § 1132(g); and

7

(4)     Awards Liberty Life such other and further relief as the Court deems just and

proper.

Respectfully submitted this 11th day of May 2020.

**PHELPS DUNBAR, LLP**

*/s/ Lindsay Calhoun*
Christopher K. Ralston (Bar #26706)
Lindsay Calhoun (Bar #35070)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email:  ralstonc@phelps.com
Email:  lindsay.calhoun@phelps.com


- And -


*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas State Bar No. 16452560)
iwana@rademaekerslaw.com
**LAW OFFICES OF IWANA
RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main:  (214) 579-9319
Fax:  (469) 444-6456

**COUNSEL FOR DEFENDANT LIBERTY
LIFE ASSURANCE COMPANY OF BOSTON**

8