Liberty Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213


REAGAN TOLEDANO
WILLEFORD & TOLEDANO
201 ST. CHARLES AVE.
SUITE 4208
NEW ORLEANS LA 70170-4208

EXHIBIT

2

Liberty/Crespo 0158



Liberty Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213
Phone No.: (888) 437-7611
Secure Fax No.: (603) 334-5853

September 20, 2018

Attorney Reagan Toledano
Willeford & Toledano
201 ST. CHARLES AVE.
SUITE 4208
NEW ORLEANS, LA 70170-4208

RE:     Long Term Disability (LTD) Benefits
        Ochsner Clinic Foundation
        Claim #: 5458678
        Claimant: Paige Crespo

Dear Attorney Toledano:

We reviewed your appeal request for Long Term Disability ("LTD") benefits and maintained the decision to calculate long term disability benefits without any change in the present monthly salary amount, based on the definition of Basic Monthly Earnings as outlined in the policy.

**Initial Claim Decision**

Ms. Crespo's last day of work at the Ochsner Clinic Foundation occurred on April 10, 2015 and she submitted a claim for a ruptured aneurysm, subarachnoid bleed, for which she underwent two surgeries, with a date of disability on April 11, 2015.

After satisfying the elimination period, LTD benefits began on October 10, 2015 and Ms. Crespo was issued disability benefits under the Ochsner Clincal Foundation Group Disability Policy through the present, and continuing. The claim is currently approved.

In a letter dated March 7, 2017, you were notified of the basis for the calculation of Ms. Crespo's long term disability benefits, following review of prior information you presented. The Financial Review Department indicated that shift differential, on call pay, and transplant pay would be considered "extra compensation" and therefore are not included in the earnings as outlined in the Ochsner Clinic Foundation Group Disability Income Policy.

**Appeal**

You appealed this decision in a letter dated August 9, 2018, wherein you disputed the interpretation of Ms. Crespo's salary as it related to her pre-disability income.

1  of  6

Liberty/Crespo 0159

In support of Ms. Crespo's claim, you submitted the following information:

- Declaration of Paige Crespo dated August 9, 2018
- June 5, 2018 email from Adilia Garcia, Ochsner Clinic, noting annual amounts of Employer paid premiums for AD&D, Basic Life, Dental, Health Insurance, LTD and 401(k) Employer contributions for 2013, 2014 and 2015
- CRNA Staffing/Scheduling Guidelines
- Paystubs for period ending October 23, 2015, December 19, 2014, December 19, 2013, December 20, 2012, December 22, 2011.
- Merriam-Webster definition of Earnings
- Law Dictionary legal definition of earnings

In your appeal letter, you have argued that Ms. Crespo was paid the following forms of pay for the time she worked:

- An hourly rate of $70.50 per each hour scheduled to work
- Nighttime shift differential of $9.68/hr for each hour worked between 3pm and 7am.
- Weekend shift differential of $16.13/hr anytime from 3pm until 7 am Monday morning.
- On call pay of $7.50/hr for any hour she was on call outside of her regularly scheduled shift.
- Callback hours = essentially overtime pay, e.g. time and a half ($70.50 + $35.25) for any time she is called back to the office
- Overtime pay – time and a half as noted above
- Stay-late differential - $35.25 for each hour she worked late
- Transplant pay of $750 stipend for each transplant she worked

The declaration from Ms. Crespo explained the method of compensation and schedule requirements. She noted total earnings of $230,000 to $250,000 per year before her disability claim, and that she worked on the liver transplant team. She noted working 40 hours per week, at $70.50/hour. She stated she was required to work 7 days per week "on call", compensated at $7.50/hour, and $750/transplant. She noted a night-time shift-differential of $9.68/hour during work hours of 3pm to 7am, and an additional $16.13/hr in addition to base hourly rate from time worked from 3pm Friday to 7 am Monday.

The CRNA staffing guidelines noted general guidelines of how shifts are scheduled and that the schedule is completed on a seniority based preferential/request model, with schedule requests and monthly scheduled turned into the CRNA scheduler by the designated deadline. There is no guarantee the final schedule will reflect exactly what each individual has requested/turned in. Nights, weekends, 4th call will be staffed on an initial volunteer basis. All shifts without volunteers still requiring coverage will be assigned fairly from those with the least number of needed shifts worked. All CRNAs should expect to work 1-2 off shifts per week, except those on the liver and RH call teams. Liver, NICU and pedi heart team members are exempt from 4th call and regular weekend shifts.

You argued that the nighttime shift differential, weekend shift differential, on call pay, and transplant pay should be included in Ms. Crespo's monthly earnings. You noted that overtime pay, stay-late differential, and call back hours are excluded from the BME calculation because they are essentially overtime pay or extra compensation.

Liberty/Crespo 0160

**Appeal Evaluation**

The Ochsner Clinic Foundation Group Disability Policy with Liberty Life Assurance Company of Boston ("Liberty Life") insures Ms. Crespo's regular monthly earnings, as defined in the Policy as follows:

**"*Basic Monthly Earnings*"** *means the Covered Person's monthly rate of earnings from the Sponsor in effect immediately prior to the date Disability or Partial Disability begins. However, such earnings will not include bonuses, commissions, overtime pay and extra compensation.*

At the onset of Ms. Crespo's disability claim, Ochsner Clinic Foundation advised Liberty Life that the pre-disability income for which her LTD benefits were to be considered, was $146,640 per year, with an hourly wage of $70.50 and 40 hours worked per week.  Based on these earnings, Ms. Crespo's monthly LTD benefit has been calculated and paid as follows: $146,640/12 = $12,220 monthly salary.  $12,220 X .60% benefit = $7332 gross monthly LTD benefit (no offsets have been applied to the claim at this time).

While we understand that you feel night time and weekend shift differentials, on call pay, transplant pay and fringe benefits should be included in the calculation of earnings, the coverage Ms. Crespo has under the Ochsner Clinic Foundation Group Disability Income Policy with Liberty Life only insures lost wages as they pertain to *regular earnings* in effect just prior to the date disability begins, *not including bonuses, commissions, overtime pay and extra compensation.*  As the shift differentials, transplant pay, and on call pay vary based on the days or transplants worked, and company paid fringe benefits are benefits and not regular earnings, these are not included in the monthly rate of earnings.  As such, we will not consider changes to the calculation of Ms. Crespo's pre-disability earnings.

**Conclusion**

We conducted a thorough and independent review of Ms. Crespo's entire claim.  In summary, we acknowledge that she was paid extra income outside of her regular earnings. However, in accordance with the Ochsner Clinic Foundation Group Disability Income Policy, disability benefits are based on Ms. Crespo's monthly rate of earnings in effect immediately prior to the date disability begins, excluding bonuses, commissions, overtime pay and extra compensation.

Having carefully considered all information submitted in support of Ms. Crespo's claim, our position remains that her long term disability benefits were calculated based on her regular earnings earned from Ochsner Clinic Foundation, in effect just prior to the date her disability claim began. Therefore, no changes to Ms. Crespo's long term disability monthly benefit will apply.

This claim decision reflects an evaluation of the claim facts and Policy provisions.

**Policy Provisions**

In order to receive benefits, Ms. Crespo must satisfy the requirements of all Policy provisions that state, in part:

**"*Basic Monthly Earnings*"** *means the Covered Person's monthly rate of earnings from the*

Liberty/Crespo 0161

*Sponsor in effect immediately prior to the date Disability or Partial Disability begins. However, such earnings will not include bonuses, commissions, overtime pay and extra compensation.*

**Amount of Insurance:**
*Applicable to Class 1A, 2B, 3B, 4A, 6B, 7A, 8B, 10B, 11B, 14B:*
*60.00% of Basic Monthly Earnings not to exceed a Maximum Monthly Benefit of $16,000.00 less Other Income Benefits and Other Income Earnings as outlined in Section 4.*

*"**Monthly Benefit**" means the monthly amount payable by Liberty to the Disabled or Partially Disabled Covered Person.*

**Amount of Disability Monthly Benefit**
*To figure the amount of Monthly Benefit:*
*1. Take the lesser of:*
*a. the Covered Person's Basic Monthly Earnings multiplied by the benefit percentage shown in the Schedule of Benefits; or*
*b. the Maximum Monthly Benefit shown in the Schedule of Benefits; and then*
*2. Deduct Other Income Benefits and Other Income Earnings, (shown in the Other Income Benefits and Other Income Earnings provision of this policy), from this amount.*

*The Monthly Benefit payable will not be less than the Minimum Monthly Benefit shown in the Schedule of Benefits. However, if an overpayment is due to Liberty, the Minimum Monthly Benefit otherwise payable under this provision will be applied toward satisfying the overpayment.*

**Disability Benefit**
*When Liberty receives Proof that a Covered Person is Disabled due to Injury or Sickness and requires the Regular Attendance of a Physician, Liberty will pay the Covered Person a Monthly Benefit after the end of the Elimination Period, subject to any other provisions of this policy. The benefit will be paid for the period of Disability if the Covered Person gives to Liberty Proof of continued:*

*1. Disability;*
*2. Regular Attendance of a Physician; and*
*3. Appropriate Available Treatment.*

*The Proof must be given upon Liberty's request and at the Covered Person's expense. In determining whether the Covered Person is Disabled, Liberty will not consider employment factors including, but not limited to, interpersonal conflict in the workplace, recession, job obsolescence, paycuts, job sharing and loss of a professional or occupational license or certification.*

*For purposes of determining Disability, the Injury must occur and Disability must begin while the Employee is insured for this coverage.*

Under the Employee Retirement Income Security Act (ERISA) appeal guidelines, Ms. Crespo was entitled to appeal the decision made by Liberty Life Assurance Company of Boston (Liberty), and to submit any additional information she wished to be considered as part of the appeal.  Liberty has conducted a full and fair review of your appeal and accompanying materials, and has concluded that the denial of benefits will be maintained.

Liberty/Crespo 0162

At this time, Ms. Crespo's administrative right to review regarding the BME calculation has been exhausted; no further review will be conducted by Liberty. She may request to receive, free of charge, copies of all documents relevant to her claim. She has the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

The Ochsner Clinic Foundation Group Disability Income Policy contains the below provision:
### Legal Proceedings
A claimant or the claimant's authorized representative cannot start any legal action:
1. until 60 days after proof of claim has been given; nor
2. more than three years after the time proof of claim is required.

For purposes of this claim, the time proof of claim is required is based on the date of the denial letter March 7, 2017. The contractual statute of limitations period under the Legal Proceedings provision would begin on March 7, 2017 and will expire on March 6, 2020.

This information is provided for purposes of this claim only, as the time proof of claim is required may differ based on claim specifics and applicable policy language.

Nothing in this letter should be construed as a waiver of any Liberty Life Assurance Company of Boston rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved to the Company, whether or not they are specifically mentioned herein.

Decisions made by Liberty Life Assurance Company of Boston are based on the provisions outlined in Ochsner Clinic Foundation's Policy. These provisions are not contingent on decisions made by either the Social Security Administration or other disability-determining entities. No internal rules, guidelines, protocols, standard or other similar criteria were relied upon in rendering the claim determination.

If you require language translation assistance, please contact Liberty Life to initiate a service provided free of charge to assist with understanding your claim and appeal rights.

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以便了解您的要求和诉求。

Shá ata' hane'go shíká a'doowoł nínízingo saad hosíníłįį' dóó ná'ookąąh nííní'ąągo naaltsoos nííníłtsoozígíí hazho'ó bik'idi'deeshtįįł nínízingo doo bąąh ílínígóó níká a'doowoł éí biniiyé shił hodíílnih áko ákwe'égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela.

Liberty/Crespo 0163

If you have any questions regarding this matter, please contact me.

Sincerely,

Heather Carignan
Appeal Review Consultant
Phone No.: (888) 437-7611 Ext. 16292
Secure Fax No.: (603) 334-5853

6 of 6

Liberty/Crespo 0164